IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BEN ROTEN,                          :
                                    :
              Petitioner,           :
                                    :
     v.                             :    Civ. Act. No. 07-233-JJF
                                    :
MIKE DELOY, Warden, and             :
ATTORNEY GENERAL OF THE STATE       :
OF DELAWARE,                        :
                                    :
              Respondents.          :

_____

Ben Roten.  Pro se Petitioner.

Gregory E. Smith, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for
Respondents.

_____

**MEMORANDUM OPINION**

September 5, 2008
Wilmington, Delaware

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Ben Roten ("Petitioner"). (D.I. 1.)  For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2004, the Sussex County grand jury indicted Petitioner on the following charges: first degree kidnaping, attempted first degree murder, aggravated menacing, refusal to submit to photographs and fingerprinting, possession of a deadly weapon during the commission of a felony, and resisting arrest. These charges stemmed from Petitioner's brutal beating of his girlfriend.  On August 6, 2004, Petitioner pled guilty to the charges of aggravated menacing and first degree assault (as a lesser included offense of attempted first degree murder), in exchange for which the State nolle prossed the remaining charges. See Roten v. State, 884 A.2d 512 (Table), 2005 WL 2254202 (Del. Sept. 15, 2002).

Prior to sentencing, Petitioner filed a pro se motion to withdraw his guilty plea.  During the sentencing hearing, the Superior Court denied Petitioner's motion to withdraw his guilty plea, and then sentenced Petitioner to 25 years at Level V incarceration for the first degree assault conviction and 5 years

1

at Level V for the aggravated menacing conviction, suspended upon the successful completion of the Key Program for decreasing levels of supervision. Id.

Petitioner then filed a pro se notice of appeal, arguing that the Superior Court abused its discretion in denying his motion to withdraw the guilty plea without holding an evidentiary hearing. Id. Petitioner also filed a motion to disqualify his counsel from representing him on appeal. See (D.I. 17, at p.3.) In December 2004, while his direct appeal was still pending, Petitioner filed a pro se Rule 35 motion for sentence modification. In February 2005, acting through counsel, Petitioner filed another Rule 35 motion for sentence modification. Id.

On March 11, 2005, the Superior Court held an evidentiary hearing on remand from the Delaware Supreme Court to consider Petitioner's motion to represent himself on appeal. During the hearing, Petitioner withdrew his request to represent himself, and he stated that he wished counsel to represent him on his motion to modify the sentence as well as on direct appeal. (D.I. 19, App. to Appellant's Br. in Roten v. State, No.290,2006, at A-22 through A-24.) Thereafter, on April 15, 2005, while retaining jurisdiction over the appeal, the Delaware Supreme Court remanded Petitioner's case to the Superior Court to permit the Superior Court to decide the motion for sentence modification. On May 19,

2005, the Superior Court denied Petitioner's motion for sentence modification, and the Delaware Supreme Court affirmed Petitioner's conviction and sentence in September 2005.  <u>Roten v. State</u>, 2005 WL 2254202 (Del. Sept. 15, 2005).

In February 2006, Petitioner filed a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied. <u>State v. Roten</u>, 2006 WL 1360513 (Del. Super. Ct. May 18, 2006). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment.  <u>Roten v. State</u>, 2007 WL 773389 (Del. Mar. 17, 2007).

Petitioner timely filed the instant Petition in April 2007. (D.I. 1.)  The State filed an Answer, asserting that the Petition should be dismissed because the claims do not warrant relief under 28 U.S.C. § 2254(d)(1).  (D.I. 17.)

## II.  LEGAL PRINCIPLES

### A.  Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot review the merits of claims asserted in a habeas petition unless the petitioner has exhausted all means of available relief for the claims under state law.  28 U.S.C. § 2254(b);  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842-44 (1999);  <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal

3

habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits.  See Duncan v. Henry, 513 U.S. 364, 365 (1995);  Castille v. Peoples, 489 U.S. 346, 351 (1989);  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  The "fair presentation" requirement of the exhaustion doctrine is satisfied if the petitioner presented a claim to the state courts that is substantially equivalent to the claim asserted in his federal habeas petition.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted.  See Coleman v. Thompson, 501 U.S. 722, 749-750 (1991);  Harris v. Reed, 489 U.S. 255, 260-64 (1989). A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999);  Coleman, 501 U.S. at 750-51;  Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).

To demonstrate cause for a procedural default, the

4

petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d

333, 339-40 (3d Cir. 2004).

## B.  Standard of Review

If, however, a petitioner presents a federal district court
with a federal habeas claim that the state's highest court
adjudicated on the merits, then the district court must review
the habeas claim under the deferential standard contained in 28
U.S.C. § 2254(d).  Pursuant to § 2254(d), federal habeas relief
may only be granted when the state court's decision is "contrary
to, or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court of
the United States," or the state court's decision is an
unreasonable determination of the facts based on the evidence
adduced in the trial.  28 U.S.C. § 2254(d)(1) & (2);  Williams v.
Taylor, 529 U.S. 362, 412 (2000);  Appel v. Horn, 250 F.3d 203,
210 (3d Cir. 2001).  Additionally, when reviewing a habeas claim,
a federal court must presume that the state court's
determinations of factual issues are correct.  28 U.S.C. §
2254(e)(1).  This presumption of correctness applies to both
explicit and implicit findings of fact, and is only rebutted by
clear and convincing evidence to the contrary.  28 U.S.C. §
2254(e)(1);  Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir.
2000);  Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating
that the clear and convincing standard in § 2254(e)(1) applies to
factual issues, whereas the unreasonable application standard of

6

§ 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Petitioner asserts three claims for habeas relief: (1) the Superior Court violated his right to due process by denying his motion to withdraw his guilty plea without holding an evidentiary hearing; (2) defense counsel provided ineffective assistance by failing to investigate the medications Petitioner was taking in prison that may have affected his ability to enter the plea voluntarily, and also by failing to raise this issue on direct appeal; and (3) his guilty plea was invalid because the Superior Court judge did not define "drugs" during the plea colloquy.

### A. Claim One: Superior Court's Failure To Hold An Evidentiary Hearing Before Denying Motion To Withdraw Guilty Plea

In Claim One, Petitioner argues that the Superior Court violated his due process rights by not holding an evidentiary hearing before denying his motion to withdraw his guilty plea. The record in this case reveals that Petitioner exhausted state remedies by presenting Claim One to the Delaware Supreme Court on direct appeal. However, because Petitioner failed to request an evidentiary hearing in connection with his motion to withdraw his guilty plea, the Delaware Supreme Court only reviewed the claim for plain error, and ultimately affirmed the Superior Court's

decision.[1]

It is well-settled that the Delaware Supreme Court's review
of a claim for plain error under Delaware Supreme Court Rule 8
constitutes and independent and adequate state ground precluding
federal habeas review absent a showing of cause and prejudice, or
a showing that a miscarriage of justice will occur if the claim
is not reviewed.[2]  Campbell v. Burris, 515 F.3d 172, 179-82 (3d
Cir. 2008).  Here, by denying Claim One under the plain error
standard, the Delaware Supreme Court plainly stated that its
decision rested on state law grounds and that it was enforcing
Petitioner's procedural default.  Petitioner does not allege any

---

[1]The Delaware Supreme Court will generally refrain from
reviewing an issue on direct appeal that was not raised during
the defendant's trial unless the appellant establishes that the
trial court committed plain error.  Jackson v. State, 600 A.2d
21, 23 (Del. 1996);  Mason v. State, 658 A.2d 994, 996 (Del.
2002); Del. Sup. Ct. R. 8;  Cooper v. State, 679 A.2d 469
(Table), 1996 WL 313501, at **2 (Del. 1996);  Bodnari v. State,
839 A.2d 665 (Table), 2003 WL 22880372, at *1 (Del. Dec. 3,
2003)(prosecutorial misconduct).  Plain error is "error so
clearly prejudicial to substantial rights so as to jeopardize the
fairness and integrity of the trial process . . . [and is a]
material defect which [is] apparent on the face of the record
[and is] basic, serious, and fundamental . . ."  Wainwright v.
State, 504 A.2d 1096, 1100 (Del. 1986).

[2]Although the State mentions that the Delaware Supreme Court
reviewed Claim One for plain error, it fails to address the fact
that the State Supreme Court's review of Claim One for plain
error demonstrates its enforcement of Petitioner's procedural
default.  Instead, the State argues that the Delaware Supreme
Court's denial of Claim One was neither contrary to, nor an
unreasonable application of, clearly established Supreme Court
precedent under § 2254(d)(1).  (D.I. 17, at p.6.)  Therefore, the
Court raises the issue of Roten's procedural default sua sponte.
See Sweger v. Chesney, 294 F.3d 506, 520-21 (3d Cir. 2002).

reason for his failure to request an evidentiary hearing with respect to his motion to withdraw his guilty plea, and he does not provide any explanation for his failure to object to the lack of a hearing when the Superior Court ruled on the motion immediately prior to sentencing.  Therefore, Petitioner has not established cause for his procedural default of Claim One.

In the absence of cause, the Court does not need to address the issue of prejudice.  Additionally, the miscarriage of justice exception to the procedural default doctrine does not excuse Petitioner's default because he has not provided new reliable evidence of his actual innocence.  Accordingly, the Court will dismiss Claim One as procedurally barred.[3]

--------

[3]According to the federal habeas statute, a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  As a general rule, a trial court has discretion over whether to permit the withdrawal of a guilty plea, and a claim asserting that a state trial court abused its discretion does not provide a basis for federal habeas corpus relief.  See Scott v. Mancusi, 429 F.2d 104, 109 (2d Cir. 1970); Sinistaj v. Burt, 66 F.3d 804, 808 (6th Cir. 1995);  Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001).  In this case, Petitioners' only complaint is that the Superior Court should have held an evidentiary hearing to determine whether the withdrawal of his guilty plea prejudiced the State.  However, there is no Federal or Constitutional right to withdraw a guilty plea, there is no Federal or Constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea, and there is no Federal or Constitutional requirement regarding the determination of prejudice to the State upon the withdrawal of a guilty plea.  See Hines v. Miller, 318 F.3d 157, 162 (2d Cir. 2003).  Therefore, the Court questions whether Claim One presents an issue cognizable on federal habeas review.

## B.  Claim Two: Counsel's Failure To Investigate Petitioner's Use Of Medication

In Claim Two, Petitioner contends that counsel provided ineffective assistance by failing to investigate Petitioner's use of medication during the plea process and by failing to determine if the medication affected Petitioner's ability to enter the plea voluntarily.  On collateral review, the Superior Court denied the claim as meritless, and the Delaware Supreme Court affirmed that decision.  Therefore, the Court must determine if the Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly established Federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668 (1984) and its progeny.  See Wiggins v. Smith, 539 U.S. 510 (2003).  Under the first Strickland prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance.  Strickland, 466 U.S. at 688.  Under the second Strickland prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different."  Id. at 687-96.  A reasonable probability is a "probability sufficient to undermine confidence in the outcome."  Id. at 688.  In the context of a guilty plea, a

10

petitioner satisfies Strickland's prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." Strickland, 466 U.S. at 689.

In deciding to deny the instant ineffective assistance of counsel claim, the Delaware Supreme Court correctly identified the Strickland/Hill standard and analyzed the claim within its framework. Therefore, the Court concludes that the Delaware Supreme Court's denial of Claim Two was not contrary to clearly established Supreme Court precedent. See Williams, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine whether the Delaware Supreme Court's denial of Claim Two constituted an unreasonable application of the Strickland/Hill standard to the facts of Petitioner's case. Under this prong, habeas relief will only be warranted if the Delaware Supreme Court's application of Strickland and Hill "resulted in an outcome that cannot

11

reasonably be justified under existing Supreme Court precedent."
Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

The Delaware Supreme Court denied Petitioner's ineffective
assistance of counsel claim because the Petitioner failed to
provide "clear and convincing" evidence as to why he should not
be bound by the sworn statements he made during the plea colloquy
that he was not coerced into entering a plea and that he was not
under the influence of any medications when he entered his plea.
Roten, 2007 WL 773389, at *1. Consequently, the Court's analysis
of the reasonableness of the Delaware Supreme Court's decision
must necessarily begin with Petitioner's sworn statements.

In his Truth-in-Sentencing Form signed on August 6, 2004,
Petitioner responded "no" to two questions asking if Petitioner
had ever been a patient in a mental hospital and whether he was
under the influence of alcohol or drugs at the time of his plea.
(D.I. 10, App. To State's Ans. Br. in Roten v. State,
No.464,2004, at B-2.) Additionally, while under oath  during the
plea colloquy, Petitioner re-affirmed the veracity of the
statements contained in his Truth-in-Sentencing Form:

Court: I have a plea agreement, a truth-in-sentencing guilty
       plea form, and an immediate sentencing form. Did you
       read each of these three documents?

Petitioner: Yes, sir.

Court: Did you sign them?

Petitioner: Yes, sir.

12

Court: Did [counsel] explain the information in these forms
       to you?

Petitioner: Yes, sir.

Court: The checkmarks in the truth-in-sentencing guilty plea
       form, are these your checkmarks?

Petitioner: Yes, sir.

Court: Is the information that you provided in each of these
       forms true?

Petitioner: Yes.

(D.I. 10, App. To Appellant's Op. Br. in Roten v. State,

No.464,2004, at A-7A and A-8.)

The United States Supreme Court has long held that "[s]olemn

declarations in open court carry a strong presumption of verity"

which creates a "formidable barrier in any subsequent collateral

proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Petitioner, however, contends that he should not be bound by the

statements he provided in verbal and written form because he was

under the influence of prescriptive drugs during the plea

process.  To support this argument, Petitioner has provided the

Court with a letter from a psychiatrist dated October 20, 2006,

indicating that Petitioner was using Wellbutrin and Lithium when

he entered his guilty plea in August 2004.[4]

---

[4]The letter states that Petitioner was receiving Haldol,
Congentin, Ativin, Wellbutrin, Lithium on February 11, 2004.  The
letter also states that the psychiatrist discontinued the Haldon,
Congentin, and Ativin on April 13, 2004, and that Petitioner
stopped using the Wellbutrin and Lithium on September 8,2006.
(D.I. 2.) The record reveals that Petitioner presented this same

13

To begin, the letter does not demonstrate, and Petitioner does not allege, that counsel knew about Petitioner's use of the prescribed drugs, or that the circumstances were such that counsel should have been aware of Petitioner's use of prescribed drugs.   The letter also fails to demonstrate, and Petitioner does not allege, that the medication altered Petitioner's mental state such that he was unable to enter the plea voluntarily and knowingly.   Moreover, weighing the psychiatrist's letter against Petitioner's Truth-in-Sentencing Form, Petitioner's verbal affirmation during his plea colloquy of the statements contained in the Truth-in-Sentencing Form, and counsel's extensive explanation during the colloquy as to why counsel believed Petitioner was voluntarily entering the plea, the Court concludes that the letter is insufficient to rebut the presumption of truth that has attached to Petitioner's sworn statements that he was not under the influence of drugs when he entered his guilty plea.

In turn, accepting the truthfulness of Petitioner's sworn statements that he was not under the influence of drugs, the

letter to the Delaware Supreme Court in his post-conviction appeal, but the Delaware Supreme Court did not mention the letter in its analysis, and ultimate denial, of Claim Two.   To the extent the Court must view the Delaware Supreme Court's decision as including an implicit factual determination that the letter was insufficient to rebut Petitioner's statements made during the plea colloquy and on the Truth-in-Sentencing Form, the Court defers to that finding.   However, in an exercise of caution, the Court also independently reviews the effect of the letter on the presumption of veracity that has attached to Petitioner's sworn statements.

Court concludes that counsel did not perform deficiently by

failing to investigate what was, essentially, a non-issue when

Petitioner entered his plea.[5]  The Court also finds that

Petitioner cannot satisfy the prejudice prong of Strickland and

Hill.  The evidence against Petitioner was overwhelming.

Petitioner's charges stemmed from the brutal beating of his

girlfriend.  During the sentencing hearing, Petitioner's

girlfriend described the awful details of that beating, her

physical and mental pain and suffering, and her need to have

recurring reconstructive surgery.  Id. at B-19 to B-21.

Petitioner faced life imprisonment if he proceeded to trial and

was convicted on all counts alleged in the indictment.  Id. at B-

5.  However, under the plea agreement, Petitioner faced,

---

[5]The Court also notes that the cases cited by Petitioner in
his Petition do not lend support to his ineffective assistance of
counsel claims.  Those cases involve a state court's duty to
inquire into a defendant's state of mind and competency to enter
into a plea agreement when, prior to entry of the plea, the court
becomes aware that the defendant recently ingested drugs.  See
United States v. Cole, 813 F.2d 43 (3d Cir. 1987);  Miles v.
Stainer, 108 F.3d 1109 (9th Cir. 1997).  Here, the record clearly
reveals that Petitioner never informed the Superior Court, either
prior to or during the plea colloquy, that he was using
medication.  Even though Petitioner did assert his use of
medications in his motion to withdraw his guilty plea as a reason
for withdrawing his plea, the Superior Court rejected the unsworn
assertion as conclusory and possibly perjurious because
Petitioner did not provide support for his allegation.  (D.I. 10,
App. To State's Ans. Br. in Roten v. State, No.464, 2004 at B-7,
B-12.)  Juxtaposing Petitioner's letter against the transcript of
his plea colloquy demonstrates the reasonableness of the Superior
Court's determination that no further inquiry into Petitioner's
state of mind and competency to enter into the plea agreement was
required.

and was sentenced to, a maximum of 30 years of imprisonment.

Viewing the substantial benefit derived under the plea agreement in conjunction with the absence of any evidence indicating Petitioner's incompetency to enter a plea, the Court finds it highly doubtful that Petitioner would have insisted on proceeding to trial even if counsel had investigated Petitioner's use of prescribed drugs. Accordingly, the Court concludes that the Delaware Supreme Court did not unreasonably apply the Strickland/Hill standard in denying this portion of Claim Two as meritless.

Petitioner also contends that counsel was ineffective for failing to raise the medication issue on appeal from the motion to withdraw the guilty plea. Although not entirely clear, Petitioner appears to believe that counsel did not raise the issue because doing such would have created a conflict of interest; in other words, counsel would have had to defend the representations he made during the plea colloquy regarding his belief that Petitioner's plea was voluntary.

Petitioner raised this claim in his Rule 61 proceeding, but the Superior Court denied it after determining that Petitioner's assertions regarding drug use were self-serving and an attempt to "end-run" the Delaware State Courts' denial of his motion to withdraw his guilty plea. Roten, 2006 WL 1360513, at 84.  The Delaware Supreme Court agreed with the Superior Court's

16

assessment and affirmed its judgment, explicitly stating that the argument "would not have been successful if counsel had pursued [it] on appeal." Roten, 2007 WL 773389, at *2.

In order to establish ineffective assistance of counsel due to counsel's failure to raise certain issues on appeal, Petitioner must show that the outcome of the appeal would have been different but for counsel's failure to raise those issues. See Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). On habeas review, the Court defers to the Delaware Supreme Court's holding that Petitioner's conviction would have been upheld even if the issue of Petitioner's use of prescribed drugs had been raised on direct appeal. See Bradshaw v. Richey, 546 U.S. 74, 126 S.Ct. 602, 604 (2005)(explaining the well-established precedent that a federal court on habeas review is bound by a state court's interpretation of state law). Moreover, having established the truthfulness of Petitioner's sworn statements that he was not under the influence of drugs at the time of his guilty plea, counsel did not provide ineffective assistance by failing to raise the meritless medication issue on direct appeal. Accordingly, the Court concludes that Petitioner's claim regarding counsel's failure to raise the medication issue on appeal does not warrant habeas relief.

## C. Claim Three: Superior Court's Failure To Define "Drugs" During Plea Colloquy

In his final claim, Petitioner contends that he did not

17

knowingly and voluntarily enter the guilty plea because, during
the plea colloquy, the Superior Court judge did not define the
term "drugs" as including medication for a bipolar disorder.
Petitioner presented this claim to the Delaware Supreme Court in
his post-conviction appeal, but the State Supreme Court did not
address the claim on its merits.  Therefore, the Court will apply
the pre-AEDPA standard and review Claim Three de novo.⁶  See
Holloway v. Horn, 355 F.3d 707, 718-19 (3d Cir. 2004).

According to well-settled Supreme Court precedent, a guilty
plea is valid so long as the defendant knowingly and voluntary
waives his Fifth Amendment privilege against self-incrimination,
his right to trial by jury, and his right to confront his
accusers, and the defendant understands the nature of the charges
against him.  Bradshaw v. Stumpf, 545 U.S. 175 (2005);  Boykin v.
Alabama, 395 U.S. 238, 243 (1969).  There is no general
Constitutional or Federal requirement for a trial judge to define
the term "drugs" as part of the plea colloquy.  Additionally, the
burden is on the petitioner to establish by a preponderance of
the evidence that the plea was not voluntary or knowing.  United
States v. Stewart, 977 F.2d 81, 84-85 (3d Cir. 1992).

Here, the specific question regarding the voluntary and

⁶De novo review means that the court "must exercise its
independent judgment when deciding both questions of
constitutional law and mixed constitutional questions."  Williams
v. Taylor, 529 U.S. 362, 400 (2000)(Justice O'Connor concurring).

18

knowing nature of Petitioner's plea is whether hearing a
definition of "drugs" as including prescribed medication would
have influenced Petitioner's decision to plead guilty.  As an
initial matter, the Court notes that Petitioner has failed to
satisfy his burden of proof with respect to this claim because he
does not demonstrate, and the record does not indicate, that he
would have altered his answers to the trial judge's questions if
the judge had defined the term "drugs" as including prescribed
medication, or that providing such a definition of the term would
have altered Petitioner's decision to plead guilty.

Moreover, the record reveals that the plea colloquy
satisfied the Constitutional requirements for a valid guilty
plea.  Petitioner's written answers on the Truth-in-Sentencing
Form and his oral confirmation of those answers during the plea
colloquy provided the Superior Court with an evidentiary basis
for concluding that Petitioner's comprehension or judgment was
not materially distorted, that he understood the nature of the
charges against him, and that he knowingly and voluntarily
entered his plea of guilty.  Nothing in Petitioner's written and
verbal assertions during the plea process suggested a need to
further define the term "drugs."  In fact, the Superior Court
judge asked Petitioner if he had any questions, and Petitioner
responded, "No, sir."  (D.I. 19, App. to Appellant's Op. Br. in
Roten v. State, No.464,2004, at A-12.)  Additionally, considering

19

that Petitioner did not raise the issue of his ingestion of medication until **after** he entered his guilty plea, the Superior Court was not required to investigate the issue of Petitioner's prescriptive drug use during the plea colloquy. Accordingly, the Court will deny Claim Three as meritless.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.

20